UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY T. SNIPES, SR., an individual, | No. 2:15-cv-00878-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| DOLLAR TREE DISTRIBUTION, INC., a Virginia corporation, and DOES 1 through 50, Inclusive,, | |
| Defendant. | |

On May 8, 2015, Plaintiff Terry T. Snipes, Sr. ("Plaintiff") filed an ex parte application requesting this this Court enforce a temporary restraining order ("TRO") obtained by Plaintiff against Defendant Dollar Tree Distribution, Inc. ("Dollar Tree") in state court prior to the removal of this action here on April 23, 2015.  Alternatively, Plaintiff requested that the Court issue its own TRO requiring Defendant to distribute an informational notice to putative class and collective action members required by Defendant to enter into arbitration agreements.  Plaintiff contends that ongoing requests that employees enter into arbitration agreements, when Defendant had actual or constructive notice that Plaintiff intended to file a wage and hour class action, were misleading, deceptive and coercive.

///

1

1    By Minute Order issued May 15, 2015, this Court informed the parties that it would treat Plaintiff's request as an application for TRO in federal court.  A hearing on Plaintiff's proposed TRO was set for May 21, 2015.

    Plaintiff's claim of imminent and irreparable injury was predicated on arbitration agreements becoming binding unless employees exercised an opt-out provision by May 31, 2015.  According to Plaintiff, without receiving an informational notice informing employees of the pending class action, they could waive their right to participate in a collective action without any knowledge of Plaintiff's claims.

    By Opposition filed May 19, 2015, Defendant claimed unequivocally that with regard to employees hired before October 6, 2014 (when Defendant began requiring new employees to sign an arbitration agreement as a precondition to employment), it could "not compel any [such] employee covered by the instant lawsuit to arbitrate claims alleged in this lawsuit regardless of whether they do not opt out of the arbitration program."  Def.'s Opp., ECF No. 15, at 1:12-14.  As to new employees, Defendant cited case law on the propriety of requesting an arbitration agreement prior to hire.

    Given these representations, the Court queried Plaintiff's Counsel at the May 21, 2015 hearing on how the imminent and irreparable harm component of a TRO was satisfied.  Counsel responded that Defendant's representations satisfied their concerns in requesting a TRO, and claimed not to have noticed Defendant's assurance that the arbitration agreement would not be enforced.  As such, Plaintiff's Application for Ex Parte Relief (ECF No. 8) is DENIED.  Counsel for Plaintiff is cautioned to more closely heed filings in this matter in the future so as to avoid minimizing waste of the Court's, as well as the parties', time and resources.

    IT IS SO ORDERED.

Dated:  May 26, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT