| | |
|---|---|
| TERRY T. SNIPES, SR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE DISTRIBUTION, INC., a Virginia corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:15-cv-00878-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Through the present class action, Plaintiff Terry T. Snipes, Sr. ("Plaintiff") challenges various wage and hour practices utilized by his employer, Defendant Dollar Tree Distribution, Inc. ("Defendant" or "Dollar Tree") both on his own behalf and on behalf of others similarly situated. According to Plaintiff, Dollar Tree's uniform timekeeping practices wrongfully excluded compensable time and operated to deprive employees of their legally guaranteed uninterrupted thirty-minute, duty-free, meal period.

Dollar Tree now moves to dismiss Plaintiff's Ninth through Nineteenth Causes of action, which are brought pursuant to California's Private Attorney's General Act ("PAGA") Cal. Lab. Code § 2968, et seq., on grounds that PAGA violates the Separation-of-Powers doctrine contained in the federal and California constitutions and those claims

consequently are subject to dismissal under Federal Rule of Civil Procedure 12(c). As set forth below, that Motion is DENIED.[1]

**STANDARD**

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. See, e.g., Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992). Any party may move for judgment on the pleadings under Rule 12(c) after the pleadings are closed but within such time as to not delay trial.

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this Motion submitted on the briefs in accordance with E.D. Local Rule 230(g).

Although Rule 12(c) does not mention leave to amend, courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. See Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. S.F. Unified Sch. Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**ANALYSIS**

Here, Plaintiff invokes PAGA in seeking to police Defendant's wage and hour practices as running afoul of California law and, pursuant to PAGA, seeks to share in any penalties exacted against Defendant as a result of those practices. In Iskanian v. CLS Transp. Los Angeles, Inc., 59 Cal. 4th 348 (2014), the California Supreme Court recognized that a "PAGA representation action is . . . a type of *qui tam* action." Id. at 382. "In a *qui tam* action, a private party - - often referred to as a relator- - pursues a statutory claim on behalf of the government. If the relator prevails, the relator shares in the proceeds of the lawsuit with the government." Cunningham v. Leslie's Poolmart, Inc., No. CV 13-2122 CAS (CWx), 2013 WL 3233211 at *7 (C. D. Cal. June 25, 2013). In finding that actions under PAGA are *qui tam* proceedings, the California Supreme Court observed as follows:

> Traditionally, the requirements for enforcement by a citizen in a *qui tam* action have been (1) that the statute exacts a penalty; (2) that part of the penalty be paid to the informer; and (3) that, in some way, the informer be authorized to bring suit to recover the penalty. The PAGA conforms to these traditional criteria, except that a portion of the penalty goes not only to the citizen bringing the suit but to all employees affected by the Labor Code violation. The government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit.

Iskanian, 59 Cal. 4th at 832 (intenal citations omitted).

Defendant argues that under PAGA, the government lacks the robust power necessary to control and/or intervene in an action instituted by a private litigant like

3

Plaintiff, and that the absence of such power in the PAGA framework developed by the legislature impinges on the executive's traditional power to police statutory violations. Thus, according to Defendant, PAGA violates fundamental separation-of-power precepts.

The separation-of-powers doctrine recognizes, as fundamental to our form or government, "[t]he principle that the various powers or government must be assigned to [their] coordinate branches;" namely legislative, executive and judicial. The doctrine has been "inherent in the structure of the [federal] Constitution. . ." U.S. ex rel. Kelly v. The Boeing Company, 9 F.3d 743, 749 (9th Cir. 1993). In addition, the doctrine is expressly enumerated within the California Constitution at Art. III, § 3 ["the powers of state government are legislative, executive and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."]. The primary purpose of the separation-of-powers doctrine is "to prevent the combination in the hands of a single person or group of the basic or fundamental powers of government." Parker v. Riley, 18 Cal. 2d 83, 89 (1941).

Defendant's Motion initially fails insofar as it attempts to invalidate PAGA on federal separation-of-powers grounds. For over a century, the United States Supreme Court has held that the federal separation-of powers doctrine does not apply against the states. Stop the Beach Renourishment, Inc. v. Florida Dept. of Environmental Protection, 560 U.S. 702, 719 (2010) (reaffirming Dreyer v. Illinois, 187 U.S. 71, 82-83 (1902). Because PAGA is a state action that by its terms bears only upon the allocation of state, and not federal, powers, this well-established precedent forecloses Defendant's argument that PAGA fails under a federal separation-of-powers analysis.

Defendant fares no better in arguing that PAGA runs afoul of the separation-of-powers guaranteed by the California Constitution. While Defendant contends the California Supreme Court, in Iskanian, raised but did not resolve the question, that averment is incorrect.

///

Iskanian, like the present case, arose in the context of an employee's putative class action against his employer for wage and hour violations. Iskanian held unequivocally that "our case law contains no indication that the enactment of *qui tam* statutes is anything but a legitimate exercise of legislative authority," with such actions enhancing "the state's ability to use [its] scarce resources by enlisting willing citizens in the task of civil enforcement." Id. at 390. As indicated above, Iskanian squarely held that PAGA is "a type of *qui tam* action." Id. at 382. Even more significantly, Iskanian went on to reject the claim that "PAGA violates the separation-of-powers principle under the California Constitution." Id. at 391. The court made that determination after discussing the nature and purpose of *qui tam* actions. Id. at 390-91. Moreover, Iskanian recognized that even if PAGA and other *qui tam* actions occasioned some minimum interference with governmental functions, the separation-of-powers doctrine nonetheless "does not create an absolute or rigid division of [such] functions." Id. at 390-91 (quoting Lockyer v. San Francisco, 33 Cal. 4th 1055, 1068 (2004). In fact, the court recognized that "substantial interrelatedness . . . lies at the heart of the constitutional theory of 'checks and balances' that the separation-of-powers doctrine is intended to serve." Id. at 390 (quoting Superior Court v. Mendocino, 13 Cal. 4th 45, 52-53 (1996).

Given Iskanian's unequivocal holding that PAGA does not violate the California Constitution's separation-of-powers provisions, Defendant's argument that the scope of that holding should be restricted is unavailing.[2] Moreover, the fact that the California Supreme Court has spoken on the issue precludes this Court from revisiting that determination. In assessing the extent of state constitutional guarantees, the California judiciary is the court of last resort. See Raven v. Deukmejian, 52 Cal. 3d 336, 354 (Cal. 1990).

///

---

[2] Defendant argues that the precise separation-of-powers concerns raised in this Motion were never presented to the California Supreme Court in Iskanian. The broad sweep of Iskanian's holding, however, particular after the court's thorough discussion of just how PAGA operates, belies any contention that Iskanian's approval of PAGA on separation-of-powers grounds should somehow be limited.

5

**CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 44) is DENIED.

IT IS SO ORDERED.

Dated: November 9, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE