UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY T. SNIPES, SR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE DISTRIBUTION, INC., a Virginia corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:15-cv-00878-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

Through the present class action proceeding, Plaintiff Terry T. Snipes, Sr. ("Plaintiff") challenges various wage and hour practices utilized by his employer, Defendant Dollar Tree Distribution, Inc., ("Dollar Tree" or "Defendant") both on his own behalf and on behalf of others similarly situated. According to Plaintiff, Dollar's Tree uniform timekeeping practices wrongfully exclude compensable time and operate to deprive employees of their legally guaranteed uninterrupted rest and/or meal period. Plaintiff brings his first eight causes of action on a class-wide basis pursuant to Federal Rule of Civil Procedure 23. In the ninth through sixteenth causes of action, Plaintiff also seeks civil penalties against Dollar Tree pursuant to the provisions of California's Private Attorney General Act, California Labor Code § 2699 et seq. ("PAGA")

///

1

Plaintiff now moves for class certification. As set forth below, his motion in that regard is GRANTED.[1]

**BACKGROUND**

Dollar Tree Inc. is a nationwide discount retailer with thousands of stores located in all 48 contiguous states. Hague Decl., ex. 6. Defendant is a wholly-owned subsidiary of the larger Dollar Tree Inc. organization. Dollar Tree has distribution centers located throughout the country, including two California facilities located in Stockton and San Bernadino, California. Dollar Tree employs several categories of non-exempt employees at those locations, including general warehouse associates, maintenance associates, and certain human resources personnel. Id. at Ex. 3 (Schloss Depo.), 11:24-12:3. Plaintiff, who brings this action on behalf of other similarly situated Dollar Tree employees, is a warehouse associate and order selector at Dollar Tree's Stockton Facility. Id. at Ex. 1 (Snipes Depo.), 17:17-18:5, 29:12-14.

Plaintiff alleges that Dollar Tree's California handbook fails to provide non-exempt employees with legally compliant meal and rest periods in several ways. First, according to Plaintiff, Dollar Tree requires its employees to clock in and out in a manner that always benefits Dollar Tree. More specifically, Plaintiff claims that non-exempt employees, who are paid in 15-minute increments, cannot clock in more than seven minutes in advance of their scheduled shift, or more than seven minutes after their shifts end. This systemic practice results in underpayment to employees since they never monetarily benefit from Dollar Tree's automatic practice of rounding to the nearest 15-minute intervals. Second, by forcing multiple employees to clock in and out via a limited number of terminals, Plaintiff claims that statutorily-mandated rest and meal breaks are compromised as a result of long lines. Finally, Plaintiff claims that Dollar

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this motion submitted on the briefs in accordance with E.D. Local Rule 230(g).

Tree's employee handbook does not specify the appropriate rest and/or meal periods.

In addition, Plaintiff claims that Dollar Tree's wage statements are inaccurate because they fail to include non-discretionary bonuses when calculating an employee's regular rate of pay. According to Plaintiff, because so called "MVP" productivity and year-end bonuses are consistently awarded year after year, Dollar Tree is remiss in not calculating such bonuses into its employees' regular pay.

In now moving for class certification, Plaintiff proposes that several classes and subclasses be recognized stemming from these common allegations which he claims apply to some 783 current and former non-exempt employees of Dollar Tree.

## STANDARD

A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met. See Fed. R. Civ. P. 23; see also Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. Id. at 1233. While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001).

Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that

3

declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. See Fed. R. Civ. P. 23(b).

**ANALYSIS**

**A.    The Proposed Classes Satisfy All Four Requirements of Rule 23(a)**

**1.    Numerosity**

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. See Fed. R. Civ. P. 23(a)(1). Moreover, "the class must be adequately defined and clearly ascertainable . . . [b]ut the class need not be so ascertainable that every potential member be identified at the commencement of the action. As long as the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist." Whitaker v. Bennett Law, PLLC, No. 13-cv-3145-L(NLS), 2014 WL 5454398 at *4 (S.D. Cal. Oct. 27, 2014).

"Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more class members." Collins v. Cargill Meat Solutions. Corp., 274 F.R.D. 294, 300 (E.D. Cal. 2011). Nonetheless "[t]he numerosity requirement contains no specific numerical threshold." Andrews Farms v. Calcot, Ltd., 258 F.R.D. 640, 651 (E.D. Cal. 2009), order clarified on reconsideration, 268 F.R.D. 380 (E.D. Cal. 2010). Rule 23(a)'s numerosity requirement "does not mean that joinder of all members is impossible, but rather means only that the court must find that the difficulty or inconvenience of joining all members of the class makes class litigation desirable." In re Itel Sec. Litig., 89 F.R.D. 104, 112 (N.D. Cal. 1981) (citing Harris v. Palm Springs Alpine Estates, Inc., 329 F.3d 909, 913-14 (9th Cir. 1964)). Courts have been inclined to certify classes of even relatively modest size. See, e.g.,Jordan v. Los Angeles County,

//
///

669 F.2d 1311, 1319 (9th Cir. 1982) (willing to find numerosity for classes with thirty-nine, sixty-four, and seventy-one people, respectively), vacated on other grounds, 459 U.S. 810 (1982).

Here, the numbers involved easily satisfy the numerosity requirement. As confirmed by Plaintiff's discovery, Dollar Tree employed "a total of 783 non-exempt employees" throughout its California facilities during the course of the designated period of April 1, 2011 to the present. Hague Decl. at Ex. 7 ("Def's Resp. to Special Interratories, Set One"), No. 3. Since numerosity is ordinarily presumed to the extent the proposed class size exceeds 40 individuals, Plaintiff has thus satisfied that requirement. See, e.g., Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)

### 2. Commonality

Under Rule 23(a)(2), Plaintiff must also demonstrate that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement is construed permissively and can be satisfied upon a finding of "shared legal issues with divergent factual predicates." Hanlon v.Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). As the Supreme Court has clarified: "What matters to class certification. . . is not the raising of common 'questions' - - - even in droves - - - but, rather, the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

Irrespective of whether they ultimately prove to be persuasive, the allegations lodged here by Plaintiff on behalf of other employees appear unquestionably to involve questions of law or fact common to the purported classes. Therefore this prerequisite for class action treatment is also satisfied.

### 3. Typicality

Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The test for whether typicality is present is "whether other members have the same or similar injury,

whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). The inquiry is again "permissive" and requires only that the representative's claims are "reasonably coextensive with those of the absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). In other words, the action must be based on conduct not unique to Plaintiff but conduct which has injured other class members. Ellis v. Costco Wholesale Corp., 657 3d 970, 984 (9th Cir. 2011)

Here, given the fact that Plaintiff claims are predicated on allegedly uniform policies and practices that applied equally to all proposed class members, it would appear that Plaintiff's claims and injuries are typical of those suffered by the purported classes. Resolution of that question therefore also weighs in favor of class treatment.

### 4. Adequacy

"The final hurdle interposed by Rule 23(a) is that 'the representative parties will fairly and adequately protect the interests of the class.'" Hanlon, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(4).) "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." Id. (citing Hansberry v. Lee, 311 U.S. 32, 42-43 (1940)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020.

Plaintiff here is a non-exempt employee who claims he was subjected by Dollar Tree to unlawful practices under circumstances both identical and co-extensive to those inuring to the class as a whole. He seeks the same categories and scale of damages sought on a classwide basis and states that he believes Dollar Tree is taking advantage of him and other under paid workers through a "lack of transparency in its payment

systems and meal and rest policies." Snipes Decl., ¶ 21. Indeed, Plaintiff claims to seek vindication not only for himself, but for his fellow employees and states he retained counsel in order "to hold Dollar Tree accountable for their illegal activities and to try to prevent future employees of Dollar Tree from experiencing the same mistreatment that [he] experienced." Id. at ¶ 22. Significantly, too, Plaintiff states he is ready, willing and able to accept his role as class representative and will dutifully represent the interests of the class. Under these circumstances the Court finds Plaintiff to be an adequate class representative.

As for counsel, Rule 23(g) lists four factors for consideration: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions or other complex litigation and the type of claims in the litigation; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g). Plaintiff's counsel represents that they are seasoned litigators with significant experience in wage-and-hour disputes and class actions. Hague Decl. at ¶¶ 22, 23; Sutton Decl. at ¶¶ 15, 16.

The Court has no reason to doubt these representations, and even Dollar Tree does not challenge the adequacy of Plaintiff's counsel. Thus, this prerequisite is satisfied on counsel's part as well.

**C.    The Putative Class Satisfied Both Requirements of Rule 23(b)(3)**

In addition to the requirements of Rule 23(a), a plaintiff must also satisfy one of the requirements of Rule 23(b). Hanlon, 150 F.3d at 1022. Plaintiff seeks to certify under subdivision (b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Both of those issues— predominance and superiority—will be addressed in turn.

///

### 1. Predominance of Common Questions

"The predominance inquiry focuses on the relationship between the common and individual issues and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 944 (9th Cir. 2009). "This calls upon courts to give careful scrutiny to the relation between common and individual questions in a case. Tyson Foods, Inc. v. Bouaphakeo, 136 S. Ct. 1036, 1045 (2016). As the Supreme Court states:

> An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof. The predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.

Id. (citations and quotations omitted)

If indeed Dollar Tree's wage-and-hour practices are determined to be unlawful through any of the theories espoused by Plaintiff, the same rationale as to that unlawfulness will apply to each potential class member. Because this outcome is best amenable to determination on a classwide basis without any particular individual inquiry, the Court finds that common questions predominate.

In order to establish predominance under Rule 23(b)(3), Plaintiff must also show that "damages are capable of measurement on a classwide basis." Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1433 (2013). Dollar Tree claims that Plaintiff has failed to offer any expert testimony as to the appropriate measure of damages should the class be certified. Comcast does not stand for the proposition, however, that Plaintiff must calculate damages for all class members. Instead, "so long as the damages can be determined and attributed to a plaintiff's theory of liability, damage calculations for individual class members do not defeat certification." Lindell v. Synthes USA, Case No. 1:11-cv-02053-IJO-BAM, 2014 WL 841738 at *14 (E.D. Cal. Mar. 4, 2014); see also Johns v. Bayer Corp., 280 F.R.D. 551, 555 (S.D. Cal. 2012) ("The amount of damages is

invariably an individual question and does not defeat class action treatment.");
Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1089 (9th Cir. 2010).

At the class certification stage, Plaintiff need only propose a valid method for calculating class wide damages such that a trier of fact could accurately calculate damages. Leyva v. Medline Industries, Inc., 716 F.3d 510, 514 (9th Cir. 2013). Here, Plaintiff's counsel alleges they can discern from the daily and/or weekly timesheets both whether employees received the appropriate meal and rest period, and whether they were improperly subject to Dollar Tree's time rounding practice. Counsel also claims that they can determine which employees were uncompensated for time standing in line by comparing actual break times to actual employee time punches. See Hague Decl., ¶¶ 16-18. Plaintiff's statistical expert, Keith Mendes, states that given time and attendance data for putative class members, he can estimate damages by applying the appropriate rate of pay to the net harm suffered by the employee. See Mendes Decl., ¶¶ 27, 30. Mendes also proposes two methodologies for measuring the amount of time spent waiting in line to clock out for meal period. Id. at 31-33.

Plaintiff's damages model need neither be perfect nor "precisely correct." See Vaccarino v. Midland Nat'l Life Ins. Co., Case No. 2:11-cv-05858-CAS(MANx), 2014 WL 572365 at *10-13 (C.D. Cal. Feb. 3, 2014) ("Comcast requires that courts determine whether damages are susceptible of classwide measurement, not whether that measurement is precisely correct.").

**2.  Superiority of Class Action**

Plaintiff must also establish that the proposed class action is the superior method for resolving the dispute as compared to available alternatives. "A class action is the superior method for managing litigation if no realistic alternative exists." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234-46 (9th Cir. 1996). The Ninth Circuit has recognized that a class action is a plaintiff's only realistic method of recovery if there are multiple claims against the same defendant for relatively small sums. Local Joint Exec.
///

Bd.of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1163 (9th Cir. 2001).

As Plaintiff indicates, relative to the cost of litigation each proposed member's individual claim is relatively small. This makes adjudication by a class action superior and weighs in favor of certifying a class. See Zinser v. Accfix Research Inst., Inc., 253 F.3d 1180, 1190 (9th Cir. 2001); Allen v. Hyland's Inc., 300 F.R.D. 643, 671 (C.D. Cal. 2014).

### D. Dollar Tree's Opposition to Class Action Treatment Impermissibly Turns on the Merits of Plaintiff's Claims Themselves

Dollar Tree's opposition to Plaintiff's Motion for Class Certification consists primarily of arguments that Plaintiff cannot substantively prevail on the merits of the classwide claims he alleges against his employer. Dollar Tree claims, for example, that its production lines stop for more than the mandated thirty-minute meal period, and that employees are not working even if they must be physically at their work posts. Dollar Tree also claims that the actual work does not resume until several minutes after a shift is scheduled to begin, and that no employees have been subject to discipline for clocking in precisely at the start of the shift, or within five minutes thereafter. Additionally, with regard to calculation of employee regular rate of pay, Dollar Tree avers that bonuses cannot properly be included because, contrary to Plaintiff's claim, they are discretionary and not necessarily always awarded.

Those issues, however, are beyond the scope of whether a class action is indicated for purposes of certification. As the United States Supreme Court has recognized, "the right of a litigant to employ Rule 23 is a procedural right only." See Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper, 445 U.S. 326, 332 (1980). To that end, as Plaintiff points out, the question of certification is "distinct from the merits" and "ancillary to the litigation of substantive claims." See, e.g., id.; Garcia v. Gloor, 618 F.2d 264, 267 (5th Cir. 1980). While substantive issues may inform the court in

determining matters of commonality, typicality, or predominance, the question of "whether a class should be certified [nonetheless] depends entirely on whether the proposal satisfies the requirements of [Rule 23]." Garcia, 618 F.2d at 267; see also, e.g., Wright & A. Miller, Federal Practice and Procedure: Civil §§ 1759-1770 (1972).

## CONCLUSION

1. Plaintiffs' Motion for Class Certification (ECF No. 45) is GRANTED.
2. The Court HEREBY CERTIFIES the following classes and subclasses:

**Class 1 ("Bell & Line Class")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc., who at any time within four (4) years preceding the filing of this action:

    a. Who were required to clock in and out for shifts and meal periods using a timeclock;

    b. Worked under a system that used a bell and/or radio call to signal the beginning and end of shifts and meal periods; and

    c. Are members of one or more Subclasses.

**Subclass A ("Minimum Wage Subclass")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc., who at any time within four (4) years preceding the filing of this action:

    a. Performed work for Dollar Tree Distribution, Inc. in California at any time; and

    b. Stood in line to clock in or out at any of the following times:

- The beginning of a shift;
- The beginning of a meal period;
- The end of a meal period; or
- The end of a shift.

///

**Subclass B ("Meal Period Subclass")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc., who at any time within four (4) years preceding the filing of this action:

   a. Performed work for Dollar Tree Distribution, Inc. in California at any time;

   b. Worked more than five (5) hours in a work day; and

   c. Stood in line to clock in or out at any of the following times:

   - The beginning of a meal period; or
   - The end of a meal period;

**Class 2 ("Handbook Class")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc., who at any time within four (4) years preceding the filing of this action:

   a. Performed work for Dollar Tree Distribution, Inc. in California

   b. Received the "Handbook for Associates 2010: California Edition"; and

   c. Are members of one or more Subclasses.

**Subclass A ("First Meal Period Subclass")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc., who at any time within four (4) years preceding the filing of this action:

   a. Performed work for Dollar Tree Distribution, Inc. in California at any time; and

   b. Who worked more than five (5) hours in a work day.

**Subclass B ("Second Meal Period Subclass")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc., who at any time within four (4) years preceding the filing of this action:

   a. Performed work for Dollar Tree Distribution, Inc. in California at any time; and

   b. Who worked more that ten (10) hours in a work day.

///

**Subclass C ("Rest Period Subclass")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc. who at any time within four (4) years preceding the filing of this action:

    a. Performed work for Dollar Tree Distribution, Inc. in California at any time; and

    b. Worked three and one-half (3 ½) or more hours in a work day.

**Class 3 ("Rounding Subclass")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc., who at any time within four (4) years preceding the filing of this action:

    a. Performed work for Dollar Tree Distribution, Inc. in California; and

    b. Used a timekeeping system that rounded clock in and clock out times to the nearest quarter hour.

**Class 4 ("Overtime Wage Subclass")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc., who at any time within four (4) years preceding the filing of this action either: a) worked more than eight (8) hours in a week; or b) worked more than forty (40) hours in a workweek; and:

    a. Performed work for Dollar Tree Distribution, Inc. in California; and

    b. Either:

- Received the "MVP" bonus at least once;
- Received a "Special Non-Exempt" bonus at least once; or
- Are members of Classes 1, 2, or 3.

**Class 5 ("Waiting Time Penalty Subclass")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc. in California, who at any time within four (4) years preceding the filing of this action:

    a. Performed work for Dollar Tree Distribution, Inc. in California; and

    b. Were separated from employment at Dollar Tree Distribution, Inc.

    c. Are members of Classes 1, 2, 3, or 4.

**Class 6 ("Wage Statement Subclass")**

All current and former non-exempt employees of Dollar Tree Distribution, Inc. in California, who at any time within four (4) years preceding the filing of this action:

    a. Performed work for Dollar Tree Distribution, Inc. in California; and

    b. Were provided one or more wage statements.

    c. Are members of Classes 1, 2, 3, or 4.

**Class 7 ("PAGA Class")**

All members of Classes 1, 2, 3, 4, 5, and/or 6.

3. Plaintiff Terry T. Snipes Sr. is HEREBY APPOINTED as class representative;

4. Sutton Hague Law Corporation is HEREBY APPOINTED as class counsel.

IT IS SO ORDERED.

Dated: November 27, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE