1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   TERRY T. SNIPES, SR., an individual,      No. 2:15-cv-00878-MCE-DB

12              Plaintiff,

13        v.                                    **ORDER**

14   DOLLAR TREE DISTRIBUTION, INC.,
     a Virginia corporation, and DOES 1
15   through 50, inclusive,

16              Defendants.

17

18        Through the present class action proceeding, Plaintiff Terry T. Snipes, Sr.

19   ("Plaintiff") challenges various wage and hour practices utilized by his employer,

20   Defendant Dollar Tree Distribution, Inc. ("Dollar Tree") both on his own behalf and on

21   behalf of others similarly situated.  According to Plaintiff, Dollar's Tree uniform

22   timekeeping practices wrongfully exclude compensable time and operate to deprive

23   employees of their legally guaranteed uninterrupted rest and/or meal period.  Plaintiff

24   brings his first eight causes of action on a classwide basis pursuant to Federal Rule of

25   Civil Procedure 23.  In the ninth through sixteenth causes of action, Plaintiff also seeks

26   civil penalties against Dollar Tree pursuant to the provisions of California's Private

27   Attorney General Act, California Labor Code § 2699 et seq.

28   ///

On December 16, 2016, Plaintiff moved for class certification, and that Motion (ECF No. 45) was granted by Memorandum and Order filed November 28, 2017 (ECF No. 63). Dollar Tree now moves for reconsideration of that ruling. As set forth below, that Motion is DENIED.[1]

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 (9th Cir. 1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). Nonetheless, a court order resolving fewer than all of the claims among all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).[2] Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001). The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369.

Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief through reconsideration. See, e.g., Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this Motion submitted on the briefs in accordance with E.D. Local Rule 230(g).

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). Finally, reconsideration requests are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

Dollar Tree's primary argument in requesting reconsideration appears to be that Plaintiff impermissibly argued, for the first time in its reply points and authorities, that all time clocked in by its employees was compensable time. Defendant consequently claims it was prevented from informing the Court that any such assertion invited clear legal error. As Plaintiff points out, however, this argument is unpersuasive.

First, had Defendant believed the allegedly new argument was truly a significant one, it could have sought permission to file a sur-reply but chose not to do so. Neither did Dollar Tree seek to strike the disputed portion of Plaintiff's reply papers as improper. Instead, Defendant chose to do nothing for almost a year and waited until after the Court's Memorandum and Order granting class certification was granted before taking any remedial step whatsoever.

Second, examination of Plaintiff's papers in the underlying motion shows that the issue of compensable clocked in time had been unequivocally raised in any event. While not disputing Dollar Tree's right in general terms to round clocked-in time to the nearest quarter hour, Plaintiff clearly asserted that by punishing employees who clocked in or out in such a way that rounding inured to their benefit, Dollar Tree's rules necessarily deprived employees of time that should have been compensated. Plaintiff additionally asserted that long lines at too few punch stations prevented employees from expeditiously clocking in and out of rest and/or meal periods, again depriving them of compensable time. This argument was also clearly advanced in Plaintiff's motion itself. According to Plaintiff, then, it was Defendant's practice of manipulating time rounding to its own benefit that potentially entitles the class to compensation for all time.

///

3

1      The remainder of Defendant's motion in essence reiterates arguments already

2  made and rejected in the underlying papers themselves.  Contrary to Defendant's

3  insinuation otherwise, the Court did review and consider all the evidence Dollar Tree

4  presented in arguing against class certification; it simply found those arguments

5  insufficient to preclude class treatment of the instant controversy.  By advancing the

6  same arguments again, Defendant tries to take the proverbial "second bite at the apple"

7  by repackaging such arguments under the guise of reconsideration.  Merely inviting the

8  Court to revisit its previous decision is insufficient to justify reconsideration.  See, e.g.,

9  Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d at 1341.  Instead, as indicated

10  above, courts should refrain from revisiting their prior decisions unless new law or new

11  evidence not previously available to the Court mandates a different result.

12      In sum, and for all the foregoing reasons, Defendant's Motion for Reconsideration

13  (ECF No. 68) is DENIED.

14      IT IS SO ORDERED.

15  Dated:  September 16, 2018

16

17                          MORRISON C. ENGLAND, JR.
                           UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28