UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY T. SNIPES, SR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE DISTRIBUTION, INC., a Virginia corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:15-cv-00878-MCE-DB<br><br>**ORDER** |

Through the present class action proceeding, Plaintiff Terry T. Snipes, Sr., ("Plaintiff") challenges various wage and hour practices utilized by his employer, Defendant Dollar Tree Distribution, Inc., ("Dollar Tree") both on his own behalf and on behalf of others similarly situated. According to Plaintiff, Dollar Tree's uniform timekeeping practices wrongfully exclude compensable time and operate to deprive employees of their legally guaranteed uninterrupted rest and/or meal periods.

On November 28, 2017, this Court granted Plaintiff's Motion for Class Certification, certifying six classes and five subclasses related to various California Labor Code violations. ECF No. 63. Dollar Tree requested reconsideration of that ruling on December 22, 2017 (ECF No. 68), and that request was denied on September 17, 2018. In the meantime, on August 28, 2018, Plaintiff filed the matter now before the Court, a

Motion to Request Scheduling Conference which, in the alternative, seeks to modify the Court's existing Pretrial Scheduling Order (ECF No. 80). Dollar Tree submitted a Statement of Non-Opposition to that Motion (ECF No. 86), but nonetheless expresses several areas of concern.

Since the class has been both certified and reconsideration of that determination has been denied, the Court believes that a Supplemental Scheduling Order is indeed proper in order to allow Plaintiff to conduct such post-certification discovery as may be necessary. While Dollar Tree does not oppose Plaintiff's Motion as such, it nonetheless appears to argue that discovery may reveal that some employees signed arbitration agreements as a precondition to employment which could affect the size of discernible classes. That contention, however, even if true, does not justify any delay in initial class discovery, and can be asserted later in these proceedings should it be necessary to do so. In addition, since Dollar Tree failed to bring up the issue of alleged arbitration agreements at the class certification stage, it would be inappropriate to revisit the question now before discovery has even begun.

Because Plaintiff's request for a Supplemental Pretrial Scheduling Order is in essence unopposed, Plaintiff's Motion (ECF No. 80) is GRANTED[1] to that extent. Since Plaintiff, unlike Dollar Tree, has not proposed either dates or a framework for post-certification discovery, it should be permitted to do so. The Parties shall meet and confer in that regard and submit a proposed Supplemental Scheduling Order for the Court's consideration not later than January 8, 2019.[2] Discovery contemplated by that proposed Order, which the Court anticipates will include discovery related to both the merits and damages associated with Plaintiff's class claims, should not be limited at this time by any arbitration agreements that Dollar Tree may or may not have with certain of its

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the pleadings in accordance with E.D. Local Rule 230(g).

[2] The Court does not believe that Plaintiff's alternative request, that a scheduling conference be set, is necessary at this juncture. Should such a conference prove necessary after submission of the anticipated proposed Supplemental Scheduling Order, it can be set at that point.

employees.  The Court further notes that discovery need not include any matters pertaining to the three causes of action contained in Plaintiff's complaint for which class certification was not sought, to wit, the Fifth, Thirteenth and Nineteenth Claims for Relief in Plaintiff's operative Second Amended Complaint.

IT IS SO ORDERED.

Dated:  November 19, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE