UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TERRY T. SNIPES, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DOLLAR TREE DISTRIBUTION, INC., a Virginia corporation, and DOES 1 through 5, inclusive,<br><br>　　　　Defendant. | CASE NO. 2:15-cv-00878-MCE-KJN<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND RELEASE**<br><br>Dept: 7, 14th Floor<br>Judge: Morrison C. England, Jr.<br>Complaint: April 1, 2015<br>SAC: May 17, 2016 |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Plaintiff's Motion for Preliminary Approval of Class Action Settlement (ECF No. 116 came before this Court, the Honorable Morrison C. England, Jr. presiding, on May 14, 2020. The Court having considered the papers submitted in support of the Motion, as well as Defendant Dollar Tree's Statement of Non-Opposition (ECF No. 118) HEREBY ORDERS THE FOLLOWING:

　　1.　　The Court grants preliminary approval of the Settlement based upon the terms set forth in the Stipulation of Class Action Settlement and Release filed as Exhibit 1 to the Declaration of Jared Hague, filed in support of the Motion for Preliminary

Approval of Stipulation of Class Action Settlement and Release filed on April 3, 2020 ("Settlement").  Capitalized terms shall have the definitions set forth in the Settlement.

2. The Court finds, for purposes of settlement only, that the requirements for provisional certification of the Settlement Class under the Federal Rules of Civil Procedure and all other applicable laws and rules are met by the Settlement Class as follows: (a) joinder of all Settlement Class members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Claims asserted by the Class Representative is typical of the claims of the Settlement Class that he seeks to represent for purposes of settlement; (d) Class Representative has fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Class Representative and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the practices alleged in the this Action; and (f) final relief is appropriate to the Settlement Class as a whole.

3. The following Settlement Class is conditionally certified for purposes of settlement only:  all individuals employed by Dollar Tree Distribution, Inc. in California as non-exempt employees at any time during the period April 1, 2011 through December 31, 2019.

4. The Settlement appears to be fair, adequate and reasonable to the Settlement Class.  The Settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the final approval hearing and final approval by this Court.

5. Plaintiff Terry T. Snipes is conditionally approved as the Class Representative for the Settlement Class.

6. The proposed Class Representative Payment of a single payment of Fifteen Thousand Dollars and Zero Cents ($ 15,000.00), payable to Plaintiff for his service as a Class Representative is conditionally approved.

7.  S. Brett Sutton and Jared Hague of Sutton Hague Law Corporation P.C. are conditionally approved as Class Counsel for the Settlement Class.

8.  The proposed Class Counsel Award of up to Seven Hundred Fifty Thousand Dollars and Zero Cents ($ 750,000.00) in attorneys' fees payable to Class Counsel is conditionally approved.

9.  The proposed Class Counsel Costs presently estimated to be Fifty Six Thousand Six Hundred Ninety Three Dollars and Thirty Four Cents ($ 56,693.34) in costs incurred by Class Counsel is conditionally approved.

10. A final approval hearing on the question of whether the Settlement, Class Counsel Award, Class Counsel Costs, the Class Representative Payment, and the PAGA Allocation should be finally approved as fair, reasonable and adequate as to Settlement Class Members is scheduled in Department 7 on the date and time set forth in Paragraph 17 below.

11. The Court confirms Phoenix Settlement Administrators as the Settlement Administrator.

12. The proposed payment of no more than Twenty Five Thousand Dollars and Zero Cents ($ 25,000.00) in costs to Phoenix Settlement Administrators for its services as the Settlement Administrator is conditionally approved.

13. The Court approves, as to form and content, the Notice Packet in substantially the forms attached as Exhibits A through C to the Settlement.  The Court approves the procedure for Settlement Class Members to participate in, to opt-out of, and to object to, the Settlement as set forth in the Notice of Settlement.

14. The Court directs the mailing of the Notice Packet by first class mail in English to Settlement Class Members in accordance with the implementation schedule set forth in Paragraph 17 below.  The Court finds the dates selected for the mailing and distribution of the Notice Packet, as set forth in the Implementation Schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled

thereto.

15. The Court directs the Settlement Administrator to circulate to the Parties any Objections received within two (2) business days of receipt.

16. To facilitate administration of the Settlement pending final approval, the Court hereby enjoins Plaintiff and all Settlement Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims released by the Settlement unless and until such Settlement Class Members have filed valid Requests for Exclusion with the Settlement Administrator and the time for filing valid Requests for Exclusion with the Settlement Administrator has elapsed. This provision shall not apply to claims not alleged in the Action.

17. Based on the Parties' request for a hearing on Plaintiff's anticipated Motion for Final Approval of Joint Stipulation for Class Action Settlement and Release to take place not sooner than 110 days following the Court's issuance of this Order, and to give the Parties sufficient time to execute the notice plan contemplated by the Settlement, the Court orders the following **Implementation Schedule** for further proceedings:

| | | |
|---|---|---|
| a. | Deadline for Defendant to submit Class Information to Settlement Administrator | 15 calendar days after entry of this preliminary approval |
| b. | Deadline for Settlement Administrator to Mail the Notice Packet to Covered Class Members | 14 calendar days after receipt of Class Information from Defendant |
| c. | Deadline for Settlement Class Members to Submit Request for Exclusion and Covered Class | 45 days after mailing of Notice Packets |

|   | | |
|---|---|---|
|   | Members to Submit Any Objections to Settlement[1] | |
| d. | Deadline for Class Counsel to file Motion for Final Approval of Settlement (Including Response by Any Parties to Any Objections) | TBD |
| e. | Deadline for the Settlement Administrator to File a Report re: Outcome of Notice Process | TBD |
| e. | Deadline for Class Counsel to file Motion for Class Counsel Award, Class Counsel Costs, and Class Representative Payment | TBD |
| f. | Final Approval Hearing and Final Approval | TBD |

IT IS SO ORDERED.

Dated:  June 18, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] In the event that the Settlement Administrator remails any notice packets to Covered Class Members within 14 days prior to this deadline, the deadline as to those whose packets were remailed will be extended, but not more than 14 days.