**S. BRETT SUTTON, 143107**
brett@suttonhague.com
**JARED HAGUE, 251517**
jared@suttonhague.com
**BRADY BRIGGS 310934**
brady@suttonhague.com
**SUTTON HAGUE LAW CORPORATION, P.C.**
5200 N. Palm Avenue, Suite 203
Fresno, California  93704
Telephone:  (559) 325-0500
Facsimile:   (559) 981-1217

Attorneys for Plaintiff, the Class Members and all Aggrieved Employees

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| TERRY T. SNIPES, SR., an individual, residing in San Joaquin County, California;<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR TREE DISTRIBUTION, INC., a Virginia Corporation; and Does 1–50, inclusive,<br><br>Defendants. | Case No. 2:15-cv-00878-MCE-KJN<br><br>**CLASS ACTION**<br><br>**JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>**Date:**           October 29, 2020<br>**Time:**           2:00 p.m.<br>**Courtroom:**   7<br><br>Judge:  Hon. Morrison C. England, Jr.<br><br>**Filed:**           April 1, 2015<br>**Removed:**     April 23, 2015<br>**Trial Date:**   TBD |

JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

The Motion for Final Approval of Class Action Settlement came before this Court, the Honorable Morrison C. England, Jr. presiding, on October 29, 2020.  Defendant filed a Statement of Non-Opposition (ECF No. 125) on October 15, 2020, The Court having considered the papers submitted in support of the Motion,  and Defendant's Non-Opposition, HEREBY ORDERS THE FOLLOWING:

1.  The Court has jurisdiction over the subject matter of this action, the Class Representative, the Covered Class Members as defined in set forth in the Stipulation of Class Action Settlement and Release on file herein ("Settlement"), and Dollar Tree Distribution, Inc.

2.  Pursuant to the Order Granting Preliminary Approval of Class Action Settlement and Release, the Class Notice was sent to each Settlement Class Member by first-class mail. The Class Notice informed the Settlement Class Members regarding the terms of the Settlement, their right to receive an Individual Settlement Payment, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. None of the Class Members filed written objections to the proposed Settlement as part of this notice period or stated an intention to appear at the Final Approval Hearing. The Court finds and determines that this notice procedure afforded adequate protections to the Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of the Settlement Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

3.  Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United States and the appropriate state official in each state in which a Settlement Class Member resides have been given notice of the preliminary approval of the Settlement was filed with the Court, Dollar Tree served upon the appropriate state official of

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

2
JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT

each state in which a Settlement Class Member resides and the appropriate federal official a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement. The notice of Settlement also invited comment on the Settlement. The Court finds and determines that Dollar Tree's notice of the Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

4. Pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2699(l)(2), the State of California's Labor Workforce Development Agency ("LWDA") has been given notice of the Settlement. Pursuant to PAGA, concurrent with the motion seeking preliminary approval of the Settlement being filed with the Court, Dollar Tree served upon the LWDA a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement. The notice of Settlement also invited comment on the Settlement. The Court finds and determines that Dollar Tree's notice of the Settlement was timely, adequate, and compliant with the statutory requirements of PAGA. Accordingly, Cal. Lab. Code § 2699(l)(2) has no application to the Settlement.

5. The following seven (7) individuals have submitted valid and timely Requests for Exclusion and are therefore excluded from the Settlement Class and not bound by the Release set forth in Paragraph 3.19 of the Settlement and shall not receive an Individual Settlement Payment: (1) Wael Amin; (2) Pablo Cruz; (3) Edgar Estrada; (4) Jose Lozano; (5) Brian Plasencia; (6)

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

3
_____
JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT

Mark Ridley; (7) Jatel Vercher. Such individuals shall still receive an Individual PAGA Payment and are bound by paragraph 3.17 of the Settlement.

6.  The Court grants final approval, for purposes of settlement only, of the Settlement Class as defined in the Settlement.

7.  The Court finds and determines that the PAGA LWDA Payment is fair and reasonable. The Court hereby grants final approval to and orders that payment.

8.  The Court finds and determines that the fees and expenses in the amount of Nineteen Thousand Five Hundred Dollars ($ 19,500.00) for class administration services is fair and reasonable and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

9.  The Court determines by separate order the request by Class Counsel for Class Counsel Award, Class Counsel Costs, and Class Representative Payment.

10. The Court finds and determines that the Individual Settlement Payments to be paid to members of the Covered Class (that did not timely submit valid Requests for Exclusion, as provided for by the Settlement), are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to members of the Covered Class that did not timely submit valid Requests for Exclusion in accordance with the Settlement.

11. The Parties are hereby ordered to comply with the terms of the Settlement.

12. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

13. Nothing in this Order will preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Dollar Tree Distribution, Inc. fund the Settlement Account in accordance with the Settlement.

14. Pursuant to the Settlement, members of the Covered Class who did not timely exclude themselves from the Settlement are permanently barred from prosecuting the Released Claims against the Released Parties under the Settlement.

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

4
_____
JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT

15. Pursuant to the Settlement, the Class Representative shall be deemed to have entered into a general release of all claims as set forth in Paragraph 3.17 of the Settlement.

16. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

17. The Court hereby enters Final Judgment in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement and Release entered on June 19, 2020, and this Order.

18. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

19. The Parties will bear their own costs and attorneys' fees except as otherwise provided by the Court's order granting the Class Counsel Award and Class Counsel Costs.

**IT IS SO ORDERED.**

**Dated: November 5, 2020**

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

5
JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT